FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROUND LAKE FARMS, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:21-CV-00354-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS** |

    Before the Court is Defendant's Motion to Dismiss, ECF No. 21. The motion was heard without oral argument. Defendant is represented by Derek Taylor and Molly Smith. Plaintiff is represented by Garrett Kitamura and Norman Semanko.

    Plaintiff filed its Complaint seeking damages for alleged harm caused from a conservation planning program overseen by the Natural Resource Conservation Service ("NRCS"), an agency within the United States Department of Agriculture ("USDA"). Plaintiff alleges the program run by NRCS enabled unlawful construction of wetland conservation sites that impaired Plaintiff's downstream senior water rights, and consequently harmed Plaintiff's crop operation. Specifically, Plaintiff argues NRCS was required to obtain the necessary water permits before providing assistance in creating the wetlands. Plaintiff is bringing its suit under the Federal Torts Claim Act ("FTCA").

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 1**

Defendant moves to dismiss the First Amended Complaint, asserting the Court does not have subject matter jurisdiction to hear this the action because the United States has not waived its sovereign immunity to be sued for the claims being brought by Plaintiff.

## Motion Standard

A defendant may seek dismissal of an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff has the burden of proving jurisdiction when such a motion is made. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). If the defendant raises a factual challenge to a court's jurisdiction, as opposed to a facial challenge based solely on the allegations in the complaint, a court may consider matters outside the pleadings in ruling on the motion. *Roberts v. Corrothers*, 812 F.2d 1173, 1177-78 (9th Cir. 1987). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Thus, a court may "hear evidence regarding jurisdiction and resolve factual disputes where necessary when determining such a motion." *Id.*

## Sovereign Immunity

The United States has sovereign immunity and cannot be sued without its consent. *Lam v. United States*, 979 F.3d 665, 671 (9th Cir. 2020). The Federal Tort Claims Act ("FTCA") provides such consent, in certain situations. *Id.* The FTCA permits private suits against the United States for damages for loss of property, injury, or death caused by its employee's negligence. *Id.* (citation omitted). Liability arises for these acts if a private person would be liable to the claimant under the law of the place where the act or omission occurred. *Id*. Such acts are typically "ordinary common-law torts." *Id.* (citation omitted). The United States can be held liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This has been referred to

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 2**

as the "private analog" requirement. *Firebugh Canal Water Dist. v. United States*, 712 F.3d 1296, 1303 (9th Cir. 2013).

The discretionary function exception is an important exception to the FTCA. Under this exception, the United States does not waive immunity for tort claims if the alleged tortfeasor was performing a discretionary function or duty when they injured the plaintiff. 28 U.S.C. § 2680(a).[1] This is true even if the employee abused that discretion. *Lam*, 976 F.3d at 672. Thus, where the discretionary function exception applies, the United States has not waived its sovereign immunity, and the court lacks subject matter jurisdiction over a plaintiff's claim. *Id.*

## Plaintiff's First Amended Complaint

Plaintiff is a Washington limited liability company based out of Soap Lake, Washington. Plaintiff is a producer and distributor of hay. It uses Round Lake water to irrigate about 840 acres of hay located directly south of the lake. Plaintiff has a water rights certificate and claim under state law to use the Round Lake water with priority dates between 1912 and 1976. Round Lake is a natural lake, at least 57 ft. deep, that is part of the Crab Creek Flow System and is connected to the creek through a shallow side channel. The relevant portion of Crab Creek flows from east to west, running roughly adjacent to Washington State Route 28.[2]

---

[1] 28 U.S.C. § 2680(a) provides that the United States does not waive its sovereign immunity for:
> Any claim based upon an act or omission of an employee of the government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused.

[2] Crab Creek is a relatively small surface water stream in the Columbia Basin of central Washington, flowing generally from east to west. Upper Crab Creek runs from the creek's source in the Columbia River Plateau to Potholes Reservoir, south

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 3**

Plaintiff relies on the Crab Creek Flow System[3] to transport water from the upper Crab Creek and replenish Round Lake. Historically, the flow system combined with the water storage capacity of Round Lake has been a reliable source of water for Plaintiff to exercise its water rights and sufficiently irrigate its hay crops.

Plaintiff alleges that pursuant to the Wetland Reserve Program (WRP)[4], the NRCS provided permanent easements to eight entities, and provided permitting,

---

of Moses Lake, Washington. Lower Crab Creek runs from Potholes Reservoir to the Columbia River. Round Lake is located in the Upper Crab Creek portion of the watershed.

[3]According to Plaintiff, the Crab Creek Flow System undergoes an annual cycle that enables Round Lake to serve as an effective water storage reservoir:
   a. In the fall and winter months, Crab Creek is dry and has minimal flow in the vicinity of Round Lake;
   b. In the spring months, runoff in the Crab Creek watershed upstream of Round Lake produces a freshet or flood with corresponding peak flows. The freshet produces sufficient flow to rewet the creek and fill Round Lake.
   c. In the summer months, the Crab Creek Flow System rapidly declines, often resulting in the reach of the creek adjacent to Round Lake to go dry.
As a result of this cycle, the lake is disconnected from the flow system much of the year, but still brimming with the water that flowed into the lake during the spring freshet.

[4]The Wetlands Reserve Program (WRP) is a voluntary program in which private landowners receive financial and technical assistance from the NRCS for the purpose of preserving, enhancing, and restoring wetland environments on private property. The private landowner retains ownership of the property but must sign a permanent or long-term easement.

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 4**

funding, and design assistance for wetland projects, including construction activities such as dikes and ponds. Plaintiff alleges that as a direct consequence of WRP projects, farmland on the upper Crab Creek became wetlands, retaining Crab Creek Flow System water and diminishing the spring freshet that is essential to annual replenishment of Round Lake. Because of this, Plaintiff is unable to utilize its senior water rights.

Plaintiff alleges that water flowed into the conservation projects and became stored surface water (behind a dike or in pond), wetlands, and groundwater recharge, which caused Crab Creek to be dry at the inlet to Round Lake for the entire 2020 water year. As a result, Plaintiff was forced to purchase emergency water from the East Columbia Basin Irrigation District and was forced to operate with a limited water supply for approximately one month while waiting on a decision for emergency water, which substantially affected the 2020 hay fields. The same thing happened in 2021.

Plaintiff is asserting three claims: (1) negligence; (2) trespass; (3) public nuisance; and (4) private nuisance.

**(1)    Negligence**

Plaintiff alleges that Defendant owed Plaintiff a legal duty to abide by the rules and procedures applicable to agency actions and specifically, section 610.13 of the National Environmental Compliance Handbook imposes a duty upon NRCS to comport with state requirements in the course of carrying out the Wetland Reserves Program.

Plaintiff alleges: (1) under Wash. Rev. Code 90.03.370, NRCS was required to obtain an Ecology reservoir permit prior to construction of the Crab Creek Projects, and it failed to do so; (2) under Wash. Rev. Code 90.03.350, NRCS was required to obtain an Ecology dam safety permit prior to construction the dikes associated with Crab Creek Projects, and it failed to do so; and (3) under Wash. Rev. Code 90.03.010, NRCS was required to obtain a state water right permit prior

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 5**

to diverting or using any amount of surface water for the Crab Creek Projects, and it failed to do so.

Plaintiff alleges that in failing to obtain the necessary permits, NRCS violated state water law and breached its own specific mandatory directives. Also, the noncompliant Crab Creek Projects led to a decrease in downstream waterflow to Round Lake, depriving Plaintiff of the ability to use its senior water rights to irrigate its hay crop.

**(2)    Trespass**

Plaintiff alleges that through implementation of the Crab Creek Projects, the NRCS effectively entered upon Plaintiff's land by changing the flow of the Crab Creek Water System in a manner that directly encroached upon Plaintiff's senior water rights in Round Lake. Plaintiff alleges that NRCS's failure to obtain the necessary state water permits for the Crab Creek Projects made the changes to the Crab Creek waterflow inherently unreasonable, and NRCS knew or should have known that it did not have approval from Plaintiff to intrude on Plaintiff's water rights. Plaintiff alleged that NRCS's intrusion harmed Plaintiff's senior water rights and associated property.

**(3)    Public Nuisance**

Plaintiff alleges that by funding and approving the creation of dikes in furtherance of the Crab Creek Projects, the NRCS interfered with both Crab Creek and Round Lake, in violation of Wash. Rev. Code 90.03.350 and Wash. Rev. Code 9.66.010.

**(4)    Private Nuisance**

Plaintiff alleges that the actions or omissions by employees of the United States constitute a public nuisance under the laws of the State of Washington.

**(5)    Requested Relief**

Plaintiff is seeking $399,351.45 in damages and asking the Court to require that the NRCS's wetlands projects be removed, or that the United States otherwise

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 6**

mitigate the impact of Plaintiff's water rights or compensate Plaintiff for the ongoing injury and damages.

## Defendant's Motion

In its motion, Defendant submitted declarations from Roylene M. Comes At Night, ECF No. 24, and Kevin Brown, ECF No. 23. Ms. Comes At Night is a state conservationist with NRCS. She opined there is no evidence that the NRCS WRP easements executed in the early 2000s that are restoring the Crab Creek wetland systems are impacting Plaintiff's water rights.

Kevin Brown is the Columbia Basin Watermaster for the Washington State Department of Ecology. Mr. Brown stated that water from Crab Creek only contributes to Round Lake when the Crab Creek is at a high flow stage. Based on his personal observations, Crab Creek's natural flow does not reach the volume needed to contribute to Round Lake on an annual basis.

Defendant also submitted a Communications Plan concerning Round Lake that apparently was created by the Department of Ecology. ECF No. 22, Ex. A. This document states that Plaintiff has alleged that USDA helped fund several wetland restoration projects without obtaining required states permits from Ecology and these wetland projects are now impairing water rights for irrigation. It stated that Ecology has records that Round Lake has a history of insufficient water from Crab Creek to fill the lake annually that date back to the early 1900s. Additional, Ecology investigated the claim of impairment of water rights and did not find conditions that could be elevated to regulation. Ecology declined to take enforcement actions associated with Plaintiff's complaints.

The document also stated that the wetlands restoration project was a federal project that required a nation-wide permit (NWP) from the Corps of Engineers. The Corps NWP permit had conditions that were adhered to. Ecology reviewed the permit, and waived its authority to further condition the permit, which is typical practice for many wetlands restoration projects.

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS** ~ 7

Defendant argues the discretionary function exception to the FTCA applies and bars Plaintiff's claims. It also argues that regardless, NRCS did not violate any statute or regulation because the Department of Ecology has determined that NRCS did not violate the statutes identified by Plaintiff. It maintains that the Department of Ecology is the exclusive enforcement authority for Wash. Rev. Code 90.03. Consequently, Plaintiff does not have a private right of action to enforce any violations.

Defendant asserts that the failure to comply with Washington's water permitting scheme does not create a legal basis for FTCA liability. Because a private party could not be liable in tort to another individual for violation of the water code, the United States cannot be held liable under the FTCA.

### Analysis

The activities undertaken by NRCS pursuant to the WRP identified in Plaintiff's Complaint, including the permitting, funding, and design assistance for wetland projects, are clearly the type of activities that are exempted from tort liability under the FTCA. Plaintiff seemingly recognizes this because it is not asserting liability based on these activities. Rather, Plaintiff argues that NRCS was required to obtain water permits for the projects but failed to do so. The problem with this theory is that a private party cannot sue another private party for failure to obtain water permits. That responsibility and authority lies solely with the Department of Ecology.

The FTCA only permits actions against the United States "in the same manner and to the same extent as a private individual under like circumstances." § 2674. Because Plaintiff's claims do not meet the "private analog" requirement, the Court does not have subject matter jurisdiction over Plaintiff's First Amended Complaint.

//
//

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 21, is **GRANTED**.
2. The above-captioned case is **DISMISSED**.
3. Plaintiff's Motion for Summary Judgment, ECF No. 29, is **DENIED**, as moot.
4. Defendant's Motion to Stay Summary Judgment Briefing Schedule, ECF No. 30, is **DENIED**, as moot.
5. Defendant's Motion to Expedite, ECF No. 31, is **DENIED**, as moot.
6. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 11th day of October 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS ~ 9**